## WIMMER et al. v. KNIGHT.

No. 18482. Opinion Filed Aug. 2, 1927.

(Syllabus.)

1. **Municipal Corporations—Invalidity of Contract for Sewer Construction—Estimates by Nonofficial Engineer not Under oath or Bond Contrary to City Charter.**

Where a city is governed by a charter form of government, the provisions of its city charter constitute the basic law of such city in its municipal affairs, and where such charter provides that an official engineer shall be under oath and bond for the faith-

ful performance of his duties as official engineer, an estimate made of the cost of a sewer system by an engineer, not under oath nor bond, does not constitute a valid basis upon which to let a contract for the construction of a sewer system and is void.

**2. Same—Invalidity of Contract Providing Greater Compensation to Engineer than Prescribed by Charter.**

Where a city charter expressly provides that the engineer may be allowed only three per cent. of the contract price for putting in a sewer system, as additional compensation, a contract for a greater compensation is illegal and void.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Injunction by W. S. Knight against Neal Wimmer and others, mayor and councilmen of the City of Shawnee. Judgment for plaintiff, and defendants appeal. Affirmed.

F. H. Riley, Waldrep & Jones, and G. A. Paul, for plaintiffs in error.

Park Wyatt and Charles L. Roff, Jr., for defendant in error.

HARRISON, J. This appeal is to reverse the judgment of the trial court, wherein the mayor and city council of the city of Shawnee were enjoined from entering into a contract with H. L. Canady & Company for putting in a sewer system in what is designated as sewer district 105 in the city of Shawnee.

The material facts involved are that the engineers, E. T. Archer & Company, who made the estimate and computed the cost of said sewer system were nonresident engineers, were to receive greater compensation than was authorized by the provisions of the city charter, and were not under oath nor bond for the faithful performance of their work.

The case was submitted upon an agreed statement of facts and the undisputed testimony of one witness, viz., the city clerk, the purpose of whose testimony was to show that the engineers were not under oath or bond to the city. Upon final hearing of the application, the court made an order perpetually enjoining the mayor and city council, from entering into any contract for the construction of said sewer system upon the estimate made by the said E. T. Archer & Company. And the mayor and city council, plaintiffs in error, have appealed to this court to set aside the order of injunction.

It is contended by plaintiffs in error that the engineers, E. T. Archer & Company, though nonresidents of the city of Shawnee, were de facto officers, having been selected and approved by the mayor and city council, and being de facto city engineers, their estimate was not void, and that after such estimate had been approved by the mayor and city council, it constituted a valid basis for letting a contract for the construction of the sewer system; citing City of Abilene v. Lambing (Kan.) 96 Pac. 938, wherein the trial court, because the engineer who had made the estimate for a sewer system was not a resident of the city of Abilene, enjoined the city of Abilene from completing a contract under which the sewer system was already under course of construction before the action was brought, and was reversed, the Supreme Court holding that the engineer, though a nonresident, was a de facto city engineer and his estimate valid. Edmonds v. Town of Haskell, 121 Okla. 18, 247 Pac. 15; Bocox v. Town of Bixby, 114 Okla. 269, 247 Pac. 20, where the same question was passed upon, are also cited. But in each of the above cases a different aspect was presented from that which is here presented. In the Kansas case, the contract had already been entered into and the sewer system in course of construction before the action was brought; besides, the question of the nonresidence of the engineers was the only question presented and passed upon. In each of the Oklahoma cases, supra, the work had already been completed and the towns had already been using the pavements, while in the case at bar the action is to enjoin the mayor and city council from letting or entering into any contract based upon the estimate made by the engineers in question. The work in the instant case has not yet begun; besides, there are other more serious questions involved.

The trial court, in the instant case, did not grant the injunction solely on the ground that the engineers were nonresidents, but upon the grounds that the engineers, E. T. Archer & Company, were not under oath nor bond to the city for the faithful performance of their duties, as required by the provisions of the charter of the city of Shawnee, and for the further reason that they were to receive a compensation of 7 per cent. of the contract price, in violation of the provisions of the city charter, which provides for a maximum of three per cent. of the contract price.

Neither of these questions was involved in the cases supra, cited by plaintiffs in error as controlling in this case, and we gather from the journal entry of the court's finding and judgment that the real basis of same was that the plain provisions of the city charter had not been complied with, and

that no contract should be entered into until the charter provisions in reference to the oath and bond of the city engineer and the compensation to be paid him were complied with. It is clear from the record that the charter provisions in reference to these matters had not been complied with, and we do not feel justified in reversing the trial court for requiring the city officers to comply with the law. We cannot see wherein the parties may be harmed by complying with the law.

We note the following remarks made by the court to the parties at the time the cause was submitted on final hearing, to wit:·

"My opinion is this whole contract is void. And let's get around, sometime, in the city of Shawnee, to where we do things properly and above board, and let's have some kind of legal procedure in the city of Shawnee."

Evidently the court could not feel itself constrained to permit a contract to be made in violation of the plain provisions of the city charter, especially when, as the court remarked. "It would be just as easy to follow that law as any other law."

The mere fact that the engineers were not residents of the city would not of itself render the estimate void, as was held in the above cases cited by plaintiff in error; and in fact to so hold, would be to compel each town, whether it desired to do so, or was financially able to do so or not, to maintain a resident engineer in order to obtain necessary improvements; but a nonresident engineer, not under oath nor bond for the faithful performance of the work he assumes to do, presents a different question.

The charter provisions of the city of Shawnee requiring an engineer to be under oath and bond were evidently adopted for the protection of property owners, so that in the event of collusion or other acts of fraud they might have some recourse, and to sustain an estimate made in violation of such provisions would be to deprive the property owners of the protection which they had sought to secure unto themselves in the adoption of their charter. Hence, we cannot hold that the trial court erred in requiring the city officers to comply with these provisions. Expediency cannot justify the taking from the property owners this protection which their basic law gives to them.

As to the question of extra compensation, that is, the difference between the three per cent. authorized by charter provisions to be paid engineers and the seven per cent. which the city officers agreed to pay them, it appears that the contract with the engineers contemplated that certain overhead expenses would necessarily be incurred in surveying and superintending the construction of the sewer system, and that the engineers would pay such overhead expenses out of the extra four per cent. allowed them. On this question the trial court, after discussing the necessity of the oath and bond required by charter provisions, said:

"In addition to that, it appears that the contract attempted to be entered into by the city and these engineers provides 7 per cent. on the gross estimate, and in that fee is lumped a large amount of other expenses that you would presume from the reading of the contract the engineer was to pay out of his per cent. There is nothing to show that he shall do so. The right way to do these things is to say so much estimate is made for advertising, so much for appraising, and so much for so and so, and on engineering fees, the charter says they cannot give the engineer in excess of three per cent., and in case they say otherwise the presumption would be, if they give seven, eight, or ten per cent., that the engineer would pay off some of these other expenses."

It thus appears that the trial court did not hold that the extra four per cent. was not authorized to be paid, and would of itself render the estimate void, if the contract with the engineers specifically bound them to pay such overhead expenses out of the extra four per cent., but, as was held by the trial court, the contract does not specifically state what items of expenses should be paid for by the engineers, nor specifically bind the engineers to pay any of such expenses.

In other words, it appears that the extra four per cent. was intended to cover the payment of extra assistants and other overhead expenses, which would necessarily be incurred, and which the city would otherwise be required to pay and authorized to pay. But the contract with the engineers does not specifically bind the engineers to pay any of such overhead expenses out of the extra four per cent., nor specify the items of expense, nor the amount thereof, nor whether or not all of the extra four per cent. should be paid out by the engineers for such overhead expenses, nor whether only a portion of same would be required to pay the extra expenses and the balance go to the engineers as extra compensation to them.

The city charter authorizes the payment of three per cent. of the contract price to the engineers as additional compensation, but does not authorize any more to be paid

them, and we cannot sustain a contract made under a city charter for the payment of greater compensation than the city charter authorizes, and therefore must hold that the contract with the engineers is illegal and void.

For the reasons herein given, we are of the opinion that the judgment of the trial court should be affirmed. Affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 43 C. J. p. 87, §30 (Anno). 28 Cyc. p. 988 (Anno). (2) 43 C. J. p. 693, §1150.