## SCARDEN et al. v. CITY of GUTHRIE et al.

No. 21297. Opinion Filed Sept. 9, 1930.

Rehearing Denied Oct. 7, 1930.

Fred W. Green, for plaintiffs in error.

Merle G. Smith, for defendants in error.

ANDREWS, J. The plaintiffs in error, plaintiffs in the trial court, instituted a suit in the district court of Logan county to enjoin the defendants in error, defendants in the trial court, from receiving bids or letting contracts for certain work to be done upon the paved streets of the city of Guthrie.

There are many questions submitted for determination by the court. We think it necessary to determine only two of them.

The first contention made by the plaintiffs is that the city of Guthrie is a charter

city; that under the provisions of section 83, art. 8, of the revised ordinances of 1915, the city engineer is required to take the oath of office required of other city officers, with this addition and to this effect:

"* * * That he is not, and will not, during his continuance in office be directly or indirectly concerned or interested in any contract made with this city for any public work"

—and that section 7, art. 2, of the city charter provides that "* * * every appointive officer, before entering on the duties of his office, shall take the oath of office and make bond to the city of Guthrie for the faithful performance of his respective duties.* * *"

The record supports the contention made that the city engineer did not take the oath of office or give bond either as city engineer or consulting engineer.

This court, in Wimmer v. Knight, 126 Okla. 135, 259 Pac. 640, held:

"Where a city is governed by a charter form of government, the provisions of its city charter constitute the basic law of such city in its municipal affairs, and where such charter provides that an official engineer shall be under oath and bond for the faithful performance of his duties as official engineer, an estimate made of the cost of a sewer system by an engineer, not under oath nor bond, does not constitute a valid basis upon which to let a contract for the construction of a sewer system and is void."

To our mind, the decision quoted is conclusive of the issues of this case. This court in that opinion said:

"The charter provisions of the city of Shawnee requiring an engineer to be under oath and bond were evidently adopted for the protection of property owners, so that in the event of collusion or other acts of fraud they might have some recourse, and to sustain an estimate made in violation of such provisions would be to deprive the property owners of the protection which they had sought to secure unto themselves in the adoption of their charter. Hence, we cannot hold that the trial court erred in requiring the city officers to comply with these provisions. Expediency cannot justify the taking from the property owners this protection which their basic law gives to them."

We find it unnecessary to determine the other issues presented, as they all involve the actions of the city engineer.

We desire to suggest, however, to the city officials that it would be advisable to follow the plain and unambiguous provisions of the city charter and ordinances, as well as the state law, in the construction of public improvements.

The contention that the work proposed to be done was the repair and maintenance of the streets, rather than the construction and improvement thereof provided by the terms of the paving act, involves a question of fact to be determined from the evidence. In an action of this kind the judgment of the trial court as to the effect of the evidence will not be reversed unless it is clearly against the weight of the evidence. This court cannot say as a matter of law that the work contemplated constitutes repair and maintenance.

The judgment of the trial court is reversed, and the cause is remanded, with directions to the trial court to enjoin the defendants from proceeding further with the paving work involved in this action.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur.

HEFNER, J., absent.